UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | |
| v. | C/A No. 6:99-190-GRA |
| Benny Fuller, | ORDER |
| Petitioner. | [Written Opinion] |

This matter is before the Court on the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

FACTS

On August 25, 2000, petitioner pled guilty to one count of violating 21 U.S.C. § 841(a). This Court sentenced petitioner on the same date to 120 months of incarceration and 8 years of supervised release. Petitioner did not file an appeal. Petitioner now moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

---

[1] By Order of this Court entered May 4, 2005, petitioner was notified of this Court's intent to construe his motion as one under 28 U.S.C. § 2255 and was given 20 days to respond. *See United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002). Petitioner responded by letter dated May 18, 2005, declaring that "[c]onstruing this letter as a 2255 would be frivolous." Despite petitioner's objection, this Court construes petitioner's motion as one made under § 2255 since the petitioner is seeking to vacate, set aside, or correct the sentence, and will treat it accordingly.

1

STANDARD OF REVIEW

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

ANALYSIS

Petitioner's motion is untimely. On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See* Pub. L. No. 104-132 (1996). The AEDPA instituted a one year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

2

>     retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255. The period of limitations began to run on petitioner's §2255 motion after his judgment of conviction became final. Since Petitioner did not file an appeal, the limitations period began running on August 30, 2000, which is the date of judgment. The one-year period of limitations to file a motion pursuant to § 2255 expired on August 30, 2001. The current motion was signed by the petitioner on March 17, 2005 and filed March 28, 2005.

Pursuant to *Hill v. Braxton*, the petitioner is hereby notified that this § 2255 petition will be dismissed as untimely unless he demonstrates to the Court "that the petition was filed within the proper time period." 277 F.3d 701, 708 (4th Cir. 2002). The petitioner is given fifteen (15) days from the date of this Order to respond.

IT IS THEREFORE ORDERED that petitioner has fifteen (15) days to respond.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June  7 , 2005.

NOTICE OF RIGHT TO APPEAL

3

Petitioner has the right to appeal this Order within sixty (60) days from the date of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

4